IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-20-0386** |
| **JEROME WILLINGHAM, III,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Jerome Willingham's Motion, which seeks a reduction in his sentence and the appointment of counsel. (ECF No. 46.) The Motion will be denied.

Defendant seeks a reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"), which is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Part B provides a mechanism for certain zero-point offenders (i.e., criminal defendants with no criminal history points) to obtain a reduction of their offense level. See U.S.S.G. § 4C1.1.[1]

Here, Defendant does not qualify under either of these Parts. He did not receive any status points, nor was he a zero-point offender. (*See* ECF No. 45.) Given these facts, the Court also concludes that it would not be in the interests of justice to appoint Defendant counsel for purposes of bringing an Amendment 821 motion.

---

[1] Part C, "recognizes that previous convictions for simple marijuana possession may unjustly inflate a defendant's criminal history category and resultant guideline sentence." *United States v. Trammell*, Crim. No. 17-1206-MGL-3, 2024 WL 2245494, at *2 (D.S.C. May 17, 2024). However, Part C is not retroactive. *Id.*

Accordingly, it is ORDERED that Defendant's Motion (ECF No. 46) is DENIED.

DATED this __11__ day of April, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge